UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARDS,

        Petitioner,

v.                                                    Case No. 13-15204

MARY BERGHUIS,

        Respondent.

                                          /

**OPINION AND ORDER SUMMARILY DISMISSING HABEAS PETITION,
DENYING MOTION REQUESTING HABEAS PETITION BE HELD IN ABEYANCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner James Edwards has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. He challenges his plea-based conviction for third-degree criminal sexual conduct on two grounds: 1) that his defense attorney was ineffective in failing to investigate the statutory elements of the crime and 2) that there was an insufficient factual basis for his plea. Petitioner has also filed a "Motion Requesting Habeas Corpus Petitioner Be Held In Abeyance to Exhaust State Court Remedies on Relief from Judgment." For the reasons that follow, the court will summarily dismiss the petition, dismiss the motion requesting habeas petition be held in abeyance, and deny a certificate of appealability.

**I. BACKGROUND**

Petitioner pleaded no contest in Alpena County Circuit Court to third-degree criminal sexual conduct. On March 1, 2012, he was sentenced to 12 to 22 ½ years in

prison.

Petitioner filed an appeal of right in the Michigan Court of Appeals[1] raising three claims: 1) that his sentence was disproportionate; (2) that his sentence was based upon inappropriate information; and (3) ineffective assistance of counsel. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Edwards*, No. 309708, 2013 WL 331603 (Mich. Ct. App. Jan. 29, 2013). Petitioner sought leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Edwards*, 494 Mich. 871 (Mich. June 25, 2013).

Petitioner then filed the pending habeas petition. He raises two claims: 1) ineffective assistance of trial counsel and 2) that the there was an insufficient factual basis for his plea at the trial court in violation of Petitioner's due process.[2]

## II.  STANDARD

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief,

---

[1] Effective December 24, 1994, criminal defendants in Michigan no longer have the right to appeal after pleading guilty or *nolo contendere*. However, because Petitioner's offense occurred in January 1994, he was entitled to an appeal by right. *People v. Edwards*, No. 309708, 2013 WL 331603, *1 n.1 (Mich. Ct. App. Jan. 29, 2013).

[2] The state court brief he attaches as background, but to which he does not refer in his Petition, argues mainly about inappropriate—not insufficient—facts upon which the brief claims his sentence was based. The brief says nothing about a bad factual basis for the plea, and the Petition claims nothing about a bad factual basis for the sentence.

the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a

3

state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . [A]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the

4

decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  DISCUSSION

#### A.  Counsel's Performance

In his first claim, Petitioner argues defense counsel was ineffective in failing to investigate the elements of third-degree criminal sexual conduct.

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by the plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. In such a

5

case, the court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. See *Broce*, 488 U.S. at 569. Petitioner pleaded no contest to third-degree criminal sexual conduct. Because he has not alleged nor shown that his plea was not knowing, intelligent, or voluntary, Petitioner's claim concerning counsel's investigation during the pre-plea period is foreclosed by his plea.

### B. Factual Basis for Plea

In his second claim, Petitioner argues that the trial court failed to establish a sufficient factual basis for his plea. "'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. Nov. 17, 2010), quoting *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); see also *Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010). Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief. *Bonior*, 416 F. App'x at 478.

The Petition for writ of habeas corpus will be denied.

### IV. PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE

Petitioner has filed a "Motion Requesting Habeas Corpus Petitioner Be Held In Abeyance to Exhaust State Court Remedies on Relief from Judgment." In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved a procedure for holding habeas corpus actions in abeyance to allow petitioners to return to the state courts to present unexhausted claims. In *Rhines*, the Court recognized a district court's discretion to stay a habeas corpus proceeding pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust and if petitioner's

unexhausted claims are not "plainly meritless." *Id.* at 277–78.

Petitioner asks for a stay so that he may exhaust state court remedies. He does not identify the unexhausted claim or claims he wishes to raise in state court. He has neither asserted nor shown good cause for failing to exhaust his unidentified claim(s), nor can the court assess the merits of unidentified claims. Thus, Petitioner fails to present a basis on which the court may stay these proceedings.

The motion requesting habeas corpus petition be held in abeyance will be denied.

## V.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the court will deny a certificate of appealability.

## VI.  CONCLUSION

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this court and the petition, therefore, is subject to summary dismissal.  *See* Rule 4, Rules Governing Section 2254 Cases.  Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Finally, IT IS ORDERED that Petitioner's motion requesting habeas corpus petition be held in abeyance [Dkt. # 3] is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  February 27, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2014, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522